IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation, individually and on behalf of all other similarly situated,<br><br>        Plaintiff<br><br>    v.<br><br>SEABOARD INTERNATIONAL FOREST PRODUCTS, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Seaboard International Forest Products LLC ("Seaboard"), by its attorneys, hereby removes the above-captioned action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Rule 81 of the Federal Rules of Civil Procedures, and in support thereof states as follows:

1.    Seaboard is a Delaware limited liability company with its principal place of business in Nashua, New Hampshire. Seaboard is a wholesale lumber and building material supply company, which sells products to retail building material dealers, big box stores, industrial and packaging accounts, and lawn and garden centers.

2.    Plaintiff Craftwood Lumber Company ("Plaintiff") filed its purported class action complaint ("Complaint") with the Clerk of the Lake County Circuit Court, State of Illinois, Case No. 13L 661 (the "State Court Action") on September 10, 2013. Seaboard was served with the summons and a copy of the Complaint on September 27, 2013.

74767719.1 0028053-00026

A.   **Subject Matter Jurisdiction**

3.   In the State Court Action, Plaintiff's claim for relief seeks damages against Seaboard solely pursuant to the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and the action is removable under 28 U.S.C. §1441 in that this litigation involves a matter of federal law.  *See Mims v. Arrow Financial Servs.*, LLC, 565 U.S. __, 132 S.Ct. 740, 747, 753 (2012) (resolving the split amongst the federal circuits, "hold[ing] that Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits" and explaining "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331"); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451-52 (7th Cir. 2005) (holding TCPA suits are removable under 28 U.S.C. § 1441 because TCPA claims arise under federal law).

4.   Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.  The State Court Action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

B.   **Venue**

5.   Removal to the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391, because Plaintiff's allegations relate to facsimiles that were allegedly improperly sent to Plaintiff in Lake County, Illinois.

C.   **Timeliness of Removal**

6.   Seaboard was served with a copy of the Complaint on September 27, 2013.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is being filed with this

Court within thirty (30) days after Seaboard received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

6. A copy of all process, pleadings, and orders served upon Seaboard in the State Court Action is attached hereto as <u>Exhibit A</u>. To the best of Seaboard's knowledge, the exhibit includes all of the process, pleadings, and orders served upon it at the time of this removal.

7. Counsel certifies that a copy of this Notice of Removal will be promptly filed with the Clerk of the Lake County Circuit Court and shall be served on Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d). A copy of the form of Notice of Filing of Notice of Removal that will be filed with the Lake County Circuit Court is attached as <u>Exhibit B</u> hereto.

Based on the foregoing, Seaboard hereby removes this action, now pending in Lake County Circuit Court, Case No. 13L 661, to the U.S. District Court for the Northern District of Illinois.

DATED: October 16, 2013. LOCKE LORD LLP

  /s/ Katherine Heid Harris
Katherine Heid Harris, (ARDC No. 6284865)
111 South Wacker Drive
Chicago, IL 60606
T: (312) 443-1713
F: (312) 896-6713
*kharris@lockelord.com*

Additional Counsel:

Lois O. Rosenbaum (*pro hac vice* forthcoming)
Amy Edwards (*pro hac vice* forthcoming)
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Main: (503)224-3380
Fax: (503)220-2480
*aedwards@stoel.com*

Attorneys for Defendant Seaboard International
   Forest Products, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2013, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, and I caused to be served upon all counsel of record via U. S. Mail by depositing same in the U.S. Mail at 111 South Wacker, Chicago, Illinois, first class postage properly affixed, before the hour of 5:00 p.m., on October 16, 2013 addressed as follows:

> Charles R. Watkins
> Guin, Stokes & Evans, LLC
> 321 South Plymouth Court
> Chicago, IL 60604

    /s/ Katherine Heid Harris